## EXCLUSION OF STOCKHOLDERS FROM PART OF THEIR INTEREST IN STOCK.

Common Pleas Court of Hamilton County.

A. CLIFFORD SHINKLE ET AL v. THE DALTON ADDING MACHINE COMPANY OF OHIO ET AL.

Decided, July 24, 1916.

*Corporations—Right to Vote Stock in an Ohio Corporation a Property Right—Exclusion of Stockholders from Right to Vote Deprives Them of a Property Right—And Affords Ground for Constructive Service—Section 11292.*

1. The stock of an Ohio corporation is property within this state. The right to vote that stock is a property right. And where a petition recites that the non-resident defendants, having contracted away this right, are now seeking to derogate from their own grant by refusing to abide by the contract, the cause of action stated in the petition is one relating to property within this state, and where it is sought by the action to exclude the non-resident defendants from voting the stock, the action is one to exclude the defendants partly from an interest in property in this state, and service by publication may be had upon the non-resident defendants under the provisions of paragraph 9 of Section 11292, General Code.

2. Service of summons can not be had upon the president of a corporation which is not a resident of Ohio nor doing business in this state.

*Stephens, Lincoln & Stephens* and *Peck, Shaffer & Peck,* for the motions.

*Ernst, Cassatt & Cottle,* contra.

GEOGHEGAN, J.

Heard on motions to quash service of summons.

This matter came on for hearing on the motions of Thomas A. Banning, Harry Y. Mengel and Dalton Adding Machine Company, a corporation under the laws of Missouri, defendants

herein, to set aside the sheriff's warrant of service of summons and that the service be quashed. The motions of Banning and Mengel involve the same proposition, and therefore will be considered together.

The petition herein recites in detail a certain contract whereby Dalton Adding Machine Company of Missouri and James L. Dalton agreed with George Eustis & Company, a partnership of Cincinnati, Ohio, to transfer all the assets of Dalton Adding Machine Company of Missouri, to a corporation to be formed under the laws of Ohio, to be known as the Dalton Adding Machine Company, and it was provided in said agreement that the directors of said Ohio corporation should consist of eleven members and that the holders of the Ohio corporation's preferred stock should be entitled to designate six persons of said board for each year, for five successive years, after the organization of said corporation. It further recites that in accordance with the terms of said contract certain proceedings were had, the effect of which was the retirement from business of the Missouri corporation and the transfer of its business to the Ohio corporation and the acquirement of a plant for the conduct of the business of the Ohio corporation, in the course of which 13,855 shares were issued to three persons, of whom James L. Dalton was one, as trustee for the Dalton Adding Machine Company of Missouri; that the said three persons subsequently attempted and pretended to transfer the 13,855 shares of common stock to Griff Glover, Thomas A. Banning and H. Y. Mengel, as trustees for said Dalton Adding Machine Company of Missouri, and that said three individuals, ever since said time, have held said stock, and that prior to the first annual meeting of the Ohio corporation the said James L. Dalton, said Dalton Adding Machine Company of Missouri and the said Griff Glover, Thomas A. Banning and H. Y. Mengel, trustees for the Missouri corporation, conspired to violate and repudiate that portion of the contract by which the preferred stockholders, as successors to the rights of Eustis & Company under such contract, were entitled to designate six directors of the Dalton Adding Machine Com-

pany of Ohio; that at the meeting held for the purpose of electing directors, the preferred stockholders designated six persons to act as directors, but that said James L. Dalton ruled that said preferred stockholders were not entitled to designate six directors and that the said preferred stockholders having called upon the common stockholders to vote for said six persons and elect them directors in accordance with said contract, the said common stockholders refused so to do, and being largely in the majority, voted for persons to serve as directors who were not all of the six that had been designated by the preferred stockholders, as claimed under the contract.

The petition further recites that at the next meeting of the stockholders, the said holders of the common stock, the defendants herein, will disregard, ignore and avoid the contract and refuse to accept or be bound by the designation of the preferred stockholders aforesaid. The prayer is that the defendants be enjoined from denying the preferred stockholders their right to designate six members of the board of directors, from interfering with them in the exercise of their right, from failing or refusing to recognize the said six directors to be designated by the preferred stockholders, and that the Dalton Adding Machine Company of Ohio be enjoined from receiving or counting the votes of stockholders other than the preferred stockholders for six members of the board of directors other than those designated by the preferred stockholders, and that the defendants and each of them be required to permit the preferred stockholders to designate and elect six members to the board of directors thereof at the next annual meeting and at each election during the remainder of the term of said agreement.

The defendants, Banning and Mengel, filed separate motions to set aside and quash this service on the ground that the present action is not one of those specified in Section 11292, General Code. I have had occasion to examine the provisions of said section in the case of *Doepke* v. *Christy Box Car Loader Company et al*, 14 N.P. (N.S.), 523, and after a careful examination of the briefs of counsel submitted upon this motion and a careful

reading of all the authorities cited therein, I am unable to see any substantial difference between that case and the case at bar. In that case I pointed out the distinction between actions *in personam*, actions *in rem* and actions *quasi in rem*, and held that in the last two cases substituted service may be had under the provisions of Section 11292, General Code.

The service herein upon the defendants, Banning and Mengel, was sought to be obtained under the provisions of paragraph 9 of said section, which is as follows:

"In an action which relates to, or the subject of which is real or personal property in this state, when the defendant has or claims a lien thereon, or an actual or contingent interest therein, or the relief demanded consists wholly or partly in excluding him from any interest therein and such defendant is not a resident of this state, or is a foreign corporation, or his place of residence can not be ascertained."

It must be conceded that if this action comes within the provisions of paragraph 9, the constructive service herein upon the defendants, Banning and Mengel, is good. If it does not, the constructive service should be set aside, and I have come to the conclusion that inasmuch as the relief demanded in this case consists in partly excluding the defendants, Banning and Mengel, from their interest in the stock of an Ohio corporation, that they may be brought into this action by constructive service, under the section of the code above referred to.

I must confess that the case has not been without difficulty, but an examination of the authorities will convince one that the stock of an Ohio corporation is property within this state; that one of the interests that a stockholder has in that property is the right to vote that stock, and that itself is a property right; and that inasmuch as the petition recites that these objecting defendants have contracted away this right and are now seeking to derogate from their own grant by refusing to abide by the contract, the cause of action stated in the petition is one wherein the action relates to property within this state, and it is sought

by the action to exclude the defendants partly from an interest therein.

I have also examined the provisions of the act of the Legislature relating to the transfer of stock certificates found in 102 Ohio Laws, page 500, now known as Section 8673-1 *et seq.,* General Code of Ohio, and find nothing in that act that would justify the conclusion that the Legislature had intended to deprive the courts of Ohio from exercising jurisdiction over stock in Ohio corporations in proper actions where the holders of those stocks were non-residents, but have come to the conclusion that I expressed upon the oral argument of this matter, that the best that can be said for said act is that its primary object and intent is to protect the rights of innocent purchasers for value. It can not be assumed that the Legislature of Ohio would pass an act which would deprive the courts of this state from exercising control over the stock of corporations in this state in an action between the residents of this state and non-resident holders of said stock, when the action otherwise might be conceded to be entirely within the jurisdiction of these courts.

Whatever questions may arise as to the legality of this contract under the laws relating to corporations in Ohio, the matter can not be considered here. Our code does not expressly make the question as to whether or not constructive service may be had dependent upon whether or not a cause of action is stated in the petition. I can not agree with the reasoning in *Hinch* v. *d'Utassy,* 1 Ohio Dec., N. P., 373, which holds that a motion to quash service must necessarily be in the nature of a demurrer to the petition. The court in that case seems to ignore the fact that the Legislature in framing the section has used the disjunctive "or" in providing the circumstances under which in actions relating to property in this state, constructive service may be had. I think it is sufficient under the statute, if the claim of the petition is sufficient to bring the action under the provisions of Section 11292, General Code, and to determine the sufficiency of a pleading on a motion to quash where the defendant enters

a special appearance for the motion only, is forcing a construction of the statute beyond its original intent and purpose.

The motions of Banning and Mengel will therefore be overruled.

As to the motion of the Dalton Adding Machine Company of Missouri, I think it is well taken. The service is made upon James L. Dalton, president, but it appears that the said company is not a resident of Ohio, nor is it doing any business in this state, nor has it a managing agent here; therefore, a service upon its president under such circumstances would not be sufficient to bring it within the jurisdiction of the court. *Goode* v. *Druggist Assn.*, 3 O. L. R., 600; *Gibbon* v. *Ohio Coal Co.*, Cincinnati Superior Court, 75; *Fleckmeier* v. *Commercial Wheel Company*, 7 N. P., 613; *St. Clair* v. *Cox*, 106 U. S., 350; *Conley* v. *Alkali Works*, 190 U. S., 406.